WILLIAM J. McLOUGHLIN, Plaintiff, *v.* ARLON MOTORS, INC., et al., Defendants.

Supreme Court, Special Term, Queens County, June 29, 1943.

*Harold Schaffner* for plaintiff.

*Edward M. Fuller* for defendants.

HOOLEY, J. This action is brought by William J. McLoughlin against Arlon Motors, Inc., and Martha Macorkindale to recover damages caused by the alleged negligence of the defendants in the operation of a car owned by defendant Arlon Motors, Inc., and driven by defendant Martha Macorkindale, which automobile collided with plaintiff's car. Subsequent to the commencement of this action the defendants, Martha Macorkindale and Arlon Motors, Inc., together with Andrew Macorkindale, husband of Martha, brought an action against the plaintiff herein, William J. McLoughlin, seeking damages because of alleged negligence of said McLoughlin in the operation of his car in the same accident. This second action which was brought against McLoughlin reached trial first and the jury therein, on May 5th last, rendered a verdict, which according to the clerk's minutes reads as follows: " We, the jury, find that both parties contributed negligence to the accident and that the Arlon Motor Car Company — that it was part of their business to loan the car, so that neither plaintiff can collect in damages."

In the supplemental answer the defendants seek to plead *res judicata,* relying upon the language of the verdict as rendered.

The verdict by the jury was improper in form. It could only render a general verdict, it appearing that no special questions had been submitted to it. When the jury, in the course of its deliberations, came to the point where, under its instructions, it was of the opinion that none of the plaintiffs was entitled to recover, the jury then should have rendered a verdict in favor of the defendant. When the verdict was rendered the attorney for the defendant should have moved to amend the same so as to substitute the words " Verdict for defendant " for the verdict as rendered, and the court should have granted such a motion. Neither of these things occurred. Nevertheless, the said defendant who is the plaintiff in this action is not bound by the language contained in the verdict as rendered. The

duty of the jury is fixed by law. Not having been required to render a special verdict, its unauthorized action in so doing could give no efficacy to the gratuitous findings contained in the verdict. (See *Purpora* v. *Coney Island Dairy Products Corp.*, 262 App. Div. 908.) Treating the verdict merely as a verdict for the defendant, which was in form the only proper verdict the jury could render, it cannot be said that there was an adjudication of negligence on the part of McLoughlin, the plaintiff herein.

The motion is denied.